******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PRESCOTT, J., concurring. Although our Supreme Court unanimously agreed with our earlier conclusion that the trial court improperly excluded the videotape of the polygraph pretest interview, a majority of the justices nonetheless concluded that the defendant had failed to demonstrate that the improper exclusion of the videotape was harmful to him. See *State* v. *Leniart*, 333 Conn. 88, 127–28, 138, 215 A.3d 1104 (2019). In reaching that conclusion, the majority stated that "[o]ur impression of the videotape, and what the jury likely would have gleaned therefrom, differs from that of the Appellate Court." Id., 133.

As a judge on an intermediate appellate court, I am, of course, bound by the majority opinion of our Supreme Court in this matter. This obligation, in my view, includes the duty to analyze the question of whether the improper exclusion of the videotape violated the defendant's constitutional rights by applying the descriptions and characterizations of the contents of the videotape that are set forth in Justice Mullins' majority opinion; see id., 133–36; regardless of my own impression or the impression of Justice D'Auria in his dissent. See id., 169–70. In light of those characterizations, I cannot conclude, under the precedent well described and aptly applied by Judge Devlin, that the improper exclusion of the videotape violated the defendant's constitutional rights to present a defense or to confront the witnesses against him.

Accordingly, I concur in the result.

———————————————